■ COSMOPOLITAN MUTUAL INSURANCE COMPANY, Appellant, v. JAMES TRAPIER et al., Defendants, and ROOSEVELT JACKSON et al., Respondents.

STEUER, J. (dissenting). Plaintiff insurance company has brought an action against its insured, another insurance company, and three other individuals. The latter (herein the respondents) are plaintiffs in an action in Queens County brought for personal injuries against the insured. This action is for a declaratory judgment declaring plaintiff's rights under its policy in respect to the action against its insured. Specifically, plaintiff's contention is that the injuries for which the plaintiffs in the personal injury action are suing resulted from an intentional assault by its insured. Concededly, if that is the fact there would be no liability on the policy. The respondents moved to dismiss the complaint. Special Term denied the motion but stayed the trial until the determination of the Queens County action.

We believe the stay to have been an improvident exercise of discretion. Special Term decided that the application for a declaratory judgment was in all respects proper and from that determination there has been no appeal. The effect of the stay, however, not only negates the practical effect of any declaration that might be made but puts the insurer in an impossible position. It appears that the respondents are the wife,* daughter and son-in-law of the insured. It is contended that while they were standing in the driveway of their home the insured, intending to harm them, deliberately drove his automobile into the group. Criminal proceedings were instituted but there was no prosecution.

Respondents urge first that a judgment in the declaratory judgment action would be binding on them as to the issue of whether their injuries were the result of negligence or design. In that, they are correct. They further claim that they have a right to have that issue determined by a jury in the action which they commenced. Neither pragmatically nor legally do we see why. In their action to recover for their injuries it can make absolutely no difference to them whether the injuries they suffered were caused by the neglect or the intent of the tort-feasor. Neither their proof nor their recovery, nor, in any material respect, their procedure would be in any wise affected.

---

* There is a question as to whether this claimant is actually the wife of the insured, there being proceedings pending to annul the marriage between them. The plaintiff insurance company has included a request for a declaration that it is not liable to her because of her relationship. This phase of the case is not discussed because the grounds on which we believe the stay to be improper would not be applicable to it.

This they concede. What they really want is to obtain a judgment in the personal injury action for which the insurance company will be liable and to accomplish this by an adjudication on the insurance contract by the means of the form of the verdict in that action.

It is obvious that the plaintiff company cannot in good faith defend the personal injury action. The interests of the insured and the company are in conflict. The company will only be interested in establishing that the insured's acts were intentional. If successful in that regard, any other conclusion reached by the jury would be a matter of indifference to the actual defender of the action. The alternatives suggested by Special Term furnish no relief. A special verdict defining the grounds, assuming the jury found in favor of the respondents, would be of little help. Respondents could well resist an application for such a verdict. Determination of this question would not affect their right to recover and would inject a question that the jury would not otherwise be called upon to decide. But even assuming that it was allowed, the dilemma of conflicting interest of counsel would be intensified instead of being resolved.

The second alternative is equally impractical. That is that the company decline to defend the litigation and resist payment of any judgment that may be awarded. This would of course mean relinquishing control of the litigation. The net result would be that the parties, all members of one family, would have the face amount of the policy to dispose of as they see fit. While apparently this family was not on the friendliest terms, there is no assurance that this is going to continue, or that the amalgam of a substantial fund would not serve to bring them together. And it would not be very difficult with the co-operation of all parties to obtain a judgment based on specific findings that the injuries were due to negligence. Such a conclusion is neither cynical nor farfetched. We have been faced with this exact situation before (see *White* v. *Globe Ind. Co.*, 17 A D 2d 240).

We understand that the majority feels the cogency of these factors and that the stay of the declaratory judgment action must result in an unfair situation. But they feel that the decision in *Prashker* v. *United States Guar. Co.* (1 N Y 2d 584) precludes any other result. In that action, an insurance company had declined to defend an action on the ground that the negligence of which the assured was guilty was not within the coverage of the policy. The assured, a defendant in an action for wrongful death, brought an action for a declaration that the negligence was within the coverage and that the company consequently would have to pay any judgment and also would have to defend or pay for the defense of the action. The court held that the grounds of recovery in the wrongful death action were not known and they might be within or without the policy coverage, and that this was not to be determined in advance of trial of the wrongful death action. Several distinctions appear. Primarily, in that case the relief was sought by the insured and resisted by the company. While on the surface this may not appear to be a material distinction, pragmatically it is. The adjudication that plaintiff was seeking in advance did not affect her liability to the estates of the deceased persons, merely her right to be indemnified for that liability. The plaintiffs in the death action were not parties to the declaratory judgment action and hence, no matter what was determined in the latter action, they would not be bound, nor would their proof be disclosed. A determination in the declaratory judgment in advance of the main trial could not be effectual or even definitive as to the insurer's liability. Here the insurer is the plaintiff. The injured persons have been joined and are the active parties on this application and appeal. Their grounds of recovery can be established in

a proceeding where they are heard and a conclusive determination made as to whether those grounds are within the coverage of the policy. Lastly, and most important in our estimation, the probability of collusive action was not raised or considered in the *Prashker* case. Actually, it could not have been raised because collusion would be between the insured and the injured persons, and in that case, as noted, it was the ·insured that was seeking the declaration. Here we believe ·the likelihood of collusion to be a very vital consideration, to which the developments in the *White* case (*supra*) have not only opened our eyes but alerted others. We do not read the *Prashker* case to hold that in no case can there be a declaration of the coverage of the policy in advance of ·trial for injuries but rather that a declaration at that time cannot be had under the circumstances shown in that case. We believe the circumstances here are so materially different that a prior trial is not only allowable but mandated.

The order should be modified to vacate the stay granted herein and otherwise affirmed.

Breitel, J. P., Eager and Staley, JJ., concur, in decision; Steuer, J., dissents in opinion, in which McNally, J., concurs.

Resettled order, entered on February 24, 1964, staying trial, affirmed, without costs, on constraint of *Prashker* v. *United States Guar. Co.* (1 N Y 2d 584).